**STATE of Minnesota, Respondent,**

v.

**Andrew Joseph FORCIER, Appellant.**

**No. C5-87-468.**

Court of Appeals of Minnesota.

Dec. 8, 1987.
Review Granted Feb. 17, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Michael K. Junge, McLeod Co. Atty., Glencoe, for respondent.

C. Paul Jones, State Public Defender, Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

On November 6, 1986, a jury found appellant Andrew Joseph Forcier guilty of criminal sexual conduct in the third degree. Minn.Stat. § 609.344, subd. 1(c) (1986) (sexual penetration accomplished through force or coercion). Pursuant to the judgment of conviction, appellant was sentenced to a 41–month term of imprisonment. On appeal, appellant contends the trial court erred in (1) failing to suppress statements appellant made to police following his request to speak with an attorney, and (2) denying appellant's motion for mistrial following a police officer's testimony that appellant was untruthful during questioning. We reverse and remand.

## FACTS

Appellant was convicted of having criminal sexual contact with a 23–year-old male on April 23, 1986. Appellant and complainant had known each other since grade school and had both been sexually abused as children by complainant's father. On April 23, 1986, appellant went to complainant's apartment and allegedly forced complainant to engage in oral and anal sex.

Complainant reported the incident to the police who went to the Hutchinson Area Vocational Institute to discuss the incident with appellant. There was contradictory testimony as to whether appellant voluntarily agreed to discuss the incident with the officers. Appellant testified that when he tried to walk away from the officers, one of them grabbed his arm and said it would be in his own best interest to go with them.

Upon arrival at the police station, appellant was taken to an interview room and advised of his *Miranda* rights. Appellant contends that, after being advised of his *Miranda* rights, he requested to speak with an attorney. Appellant was not provided with counsel prior to his being questioned by the police.

Officers Schwartz and Waage testified at trial as to the information elicited from appellant during this questioning. In addition, Schwartz also testified he did not feel appellant was being truthful during the interview.

## ISSUES

1. Were appellant's statements, made under custodial arrest and after requesting to speak with an attorney, admissible?

2. Was appellant's right to a fair trial prejudiced by a police officer's unsolicited testimony that appellant was dishonest during police questioning?

## ANALYSIS

■ We agree with appellant that the trial court, during the omnibus hearing, erred in crediting the officer's testimony and discrediting appellant's testimony.

A trial court generally has discretion to credit and discredit witness testimony.

*State v. Gutberlet,* 346 N.W.2d 639, 643 (Minn.1984). However, the trial court's findings will not be upheld where the court was clearly erroneous in resolving issues of credibility against appellant. *See State v. Peirce,* 364 N.W.2d 801, 805 (Minn.1985).

Appellant's testimony at the omnibus hearing contradicted Schwartz' testimony. Appellant testified Schwartz had read him his *Miranda* rights. However, appellant testified that he asked Schwartz if he could talk to Frank Eggert, a public defender, prior to answering any questions. Appellant testified Schwartz said Eggert "wasn't on their list of lawyers" and if appellant had any questions, "maybe [appellant] could mail" or send the questions to Eggert or call him.

Schwartz did not recall appellant asking to speak to Eggert but conceded he could have. Schwartz did not make a contemporaneous written or taped record of his interview with appellant. His police report was written from memory and was a page and one-third in length.

We have made our own independent evaluation of the record and conclude that the trial court's findings are clearly erroneous. The trial court was not warranted in crediting the equivocal testimony of the police officer and discrediting the clear testimony of appellant who testified at the omnibus hearing but not at trial.

We also agree with appellant that his request to speak with a specific attorney invoked his constitutional right to consult with counsel prior to questioning. The information elicited from appellant was testified to at trial by both Waage and Schwartz. The officers testified appellant told them he was at complainant's apartment on April 23, 1986 and that appellant admitted to having oral sex with complainant, who willingly participated.

Once an accused has expressed his desire to deal with the police only through counsel, he is not subject to further interrogation by the authorities until counsel has been made available to him. *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981). This is fundamental law.

Courts must give broad, rather than narrow, interpretations to requests for counsel. *Connecticut v. Barrett,* —— U.S. ——, 107 S.Ct. 828, 832, 93 L.Ed.2d 920 (1987). If a defendant makes an unequivocal request for counsel, all questions must stop, other than those necessary to clarify defendant's request. *United States v. Fouche,* 776 F.2d 1398, 1405 (9th Cir.1985).

■ We find that appellant's request to speak with a specific attorney constitutes a valid assertion of the right to counsel. The police officers, following appellant's assertion of the right to counsel, were immediately required to cease all questioning except that necessary to clarify appellant's request. Therefore, any statements made by appellant following his request to speak with an attorney must be suppressed.

■ Furthermore, appellant did not institute further discussion with police or in any way knowingly and intelligently waive the right he had invoked. *Smith v. Illinois,* 469 U.S. 91, 95, 105 S.Ct. 490, 492, 83 L.Ed.2d 488 (1984).

The invasion of the right to counsel is a very serious breach of individual freedom. Professor Charles H. Whitebread, noted expert on criminal law from the University of Southern California Law Center, in his lectures on constitutional law has stated that among the hierarchy of rights, the right to counsel is of supreme importance. This finds support in *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), where the Supreme Court states:

A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel. *Id.* 333 U.S. at 273, 68 S.Ct. at 507. There is further support in *Powell v. State of Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), where the Court said:

Judge Cooley refers to the right of a person accused of crime to have counsel as perhaps his most important privilege,

and after discussing the development of the English law upon that subject, says: "With us it is a universal principle of constitutional law, that the prisoner shall be allowed a defense by counsel." 1 Cooley's Constitutional Limitations (8th Ed.) 700. The same author, as appears from a chapter which he added to his edition of Story on the Constitution, regarded the right of the accused to the presence, advice and assistance of counsel as necessarily included in due process of law.

*Id.* 287 U.S. at 70, 53 S.Ct. at 64.

■ Recognizing the supreme importance of the right to counsel, we hold that the admission of appellant's statements, made following his assertion of the right to counsel, so substantially impairs his right to a fair trial that only a new trial will rectify this situation.

■ Appellant also contends that his right to a fair trial was prejudiced by the police officer's unsolicited testimony that appellant was dishonest during police questioning. The unintended response of a witness under unplanned circumstances does not ordinarily require a new trial. *State v. Hagen*, 361 N.W.2d 407, 413 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. April 18, 1985). However, the police officer's "blurting out" that appellant was dishonest, coupled with the denial of appellant's constitutional right to counsel, requires that the trial court decision be reversed and the case remanded for trial.

### DECISION

For the reasons stated, the judgment of the trial court is reversed and the case is remanded for a new trial.

Reversed and remanded.